In the Matter of the Estate of THEODORE F. MADISON, Deceased.

Surrogate's Court, New York County, March 2, 1934.

*Roeder, Roeder & Mopper,* for the administratrix.

*Jay Winston,* attorney, in person.

*Matthew P. Doyle,* special guardian.

DELEHANTY, S.   Deceased in his lifetime retained an attorney to prosecute a personal injury action.   After such action had been pending for a time he changed his attorneys and the attorney first retained was substituted pursuant to a stipulation which reserved to that attorney his right to a share of the proceeds of the action.

Subsequently deceased died and for the same injuries his widow, as administratrix of his estate, instituted an action pursuant to article 5 of the Decedent Estate Law.   Original counsel in the personal injury action now seeks fixation of his fees and enforcement of his claim of lien upon the proceeds of the death action brought into court.

The facts are uncontroverted and so the question is purely one of law.   The court holds that the lien of the attorney terminated upon the death of the plaintiff in the personal injury action.   The court holds further that the statutory action for damages in favor of the next of kin of the deceased is wholly independent of and has no relation to the personal injury action initiated in his lifetime by deceased.   Accordingly it is held that the attorney seeking now the enforcement of his claim under the stipulation made by deceased respecting his fees has no interest whatever in the funds now before the court.   His claim of lien is held to be without substance and the funds may be distributed to the persons entitled thereto as fixed by the Decedent Estate Law.

A decree may now be entered on notice to or on consent of the special guardian providing for the distribution of the fund.